CENTER FOR DISABILITY ACCESS
Ray Ballister, Jr., Esq., SBN 111282
Mark Potter, Esq., SBN 166317
Phyl Grace, Esq., SBN 171771
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **John Weekley**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| **Somsakdi Leungsikul**; **Ratchanee Leungsikul**; and Does 1-10, | |
| Defendants. | |

Plaintiff John Weekley complains of Defendants Somsakdi Leungsikul; Ratchanee Leungsikul; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1.   Plaintiff is a California resident with physical disabilities. He is substantially limited in his ability to walk. He is a quadriplegic and uses a wheelchair for mobility

2.   In August 2015, Defendant Somsakdi Leungsikul was the real property owner of the building/parcel located at or about 3017 Orange Street, Redland, California, where Ancient Thai Massage, (hereinafter referred to as "Thai

Complaint

Massage") was located.

3.  Currently, Defendant Somsakdi Leungsikul is the real property owner of the building/parcel where Thai Massage is located.

4.  In August 2015, Defendant Ratchanee Leungsikul was the real property owner of the building/parcel where Thai Massage was located.

5.  Currently, Defendant Ratchanee Leungsikul is the real property owner of the building/parcel where Thai Massage is located.

6.  In August 2015, Defendant Somsakdi Leungsikul was the business owner of Thai Massage.

7.  Currently, Defendant Somsakdi Leungsikul is the business owner of Thai Massage.

8.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of

Complaint

the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. Thai Massage is a facility open to the public, a place of public accommodation, and a business establishment.

13. Parking spaces are one of the facilities, privileges and advantages offered by Defendants to patrons of Thai Massage.

14. Unfortunately, the parking lot serving Thai Massage is not accessible to persons with disabilities.

15. In August 2015, Thai Massage offered 6 parking spaces to its patrons.

16. However, in August 2015, there was not a single parking space marked and reserved for persons with disabilities at Thai Massage.

17. In August 2015, there was not a single van accessible parking space available for persons with disabilities at Thai Massage.

18. Currently, Thai Massage offers 6 parking spaces to its patrons.

19. Currently, there is not a single parking space marked and reserved for persons with disabilities at Thai Massage.

20. Currently, there is not a single van accessible parking space available for persons with disabilities at Thai Massage.

21. Paths of travel are also one of the facilities, privileges, and advantages offered by Defendants to patrons of Thai Massage.

22. But, in August 2015, there was no marked accessible path of travel from the parking to the rear entrance of Thai Massage.

23. In August 2015, there was no marked accessible path of travel from the

Complaint

parking to the front entrance of Thai Massage.

24. In August 2015, the path of travel from the parking to the rear entrance of Thai Massage required a person to navigate several steps for which there was no ramp.

25. In August 2015, the path of travel from the parking to the front entrance of Thai Massage required a person to navigate several steps for which there was no ramp.

26. Currently, there is no marked accessible path of travel from the parking to the rear entrance of Thai Massage.

27. Currently, there is no marked accessible path of travel from the parking to the front entrance of Thai Massage.

28. Currently, the path of travel from the parking to the rear entrance of Thai Massage requires a person to navigate several steps for which there is no ramp.

29. Currently, the path of travel from the parking to the front entrance of Thai Massage requires a person to navigate several steps for which there is no ramp.

30. Plaintiff visited Thai Massage in August 2015.

31. Plaintiff personally encountered these violations and they denied him full and equal access.

32. Because of these violations, Plaintiff was unable to enter and inquire about couples massage packages as he had intended.

33. Plaintiff would like to return and patronize Thai Massage but will be deterred from visiting until the defendants cure the violations.

34. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous

Complaint

alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

35. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because, had the defendants intended any other configuration, they had the means and ability to make the change.

36. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to her disability. Plaintiff will amend the Complaint to provide proper notice regarding the scope of this lawsuit once she conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 506 F.3d 1191 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to her disability removed regardless of whether he personally encountered them).


**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42  U.S.C. section 12101, et seq.)

37. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

38. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone

Complaint

who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

39. Any business that provides parking spaces must provide a sufficient number of handicap parking spaces. 1991 Standards § 4.1.2(5). 2010 Standards § 208. According to the 1991 Standards, if a parking lot has 1-25 spaces, it must have at least 1 accessible parking space. 1991 Standards § 4.1.2(5)(a). Under the 2010 Standards, a parking lot with 1-25 spaces must have at least 1 accessible space and 1 of them must be van accessible. 2010 Standards § 208.2 & § 208.2.4.

40. Here, the failure to provide accessible parking spaces is a violation of the

Complaint

ADA.

41. Here, the failure to provide van accessible parking spaces is a violation of the ADA.

42. Under the ADA, there must be an accessible route within the boundary of the site from the accessible parking to the accessible building entrance they serve. 1991 Standards § 4.3.2(1); 2010 Standards § 206.2.The accessible route shall, to the maximum extent feasible, coincide with the route for the general public. *Id.* The accessible route must be at least 36 inches in width except at doors. 1991 Standards § 4.3.3; 2010 Standards § 403.5.1.

43. Here, the failure to provide an accessible path of travel from the rear handicap parking space to the entrance is a violation of the ADA.

44. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch must have a ramp or lift. *Id.* 2010 Standards § 303.4.

45. Here, the unramped step is a violation of the ADA.

46. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

47. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

48. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this

Complaint

complaint.

49. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Cal. Civ. Code § 51(f), 52(a).)

50. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Cal. Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.


Dated: January 2, 2016                    CENTER FOR DISABILITY ACCESS


                                          By: _____
                                          Mark Potter, Esq.
                                          Attorneys for Plaintiff

8

Complaint